NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ANDREW B. ZEZAS,<br><br>Debtor. | Bankruptcy Action No. 21-16570 (KCF) |
| ANDREW B. ZEZAS,<br><br>Appellant,<br><br>v.<br><br>JONES LANG LASALLE AMERICAS, INC.,<br>Appellee. | Civil Action No. 23-03066 (RK)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Appellee-Creditor Jones Lang LaSalle Americas, Inc.'s ("JLL") Motion to Dismiss (ECF No. 10) an Appeal filed by Appellant-Debtor Andrew B. Zezas ("Mr. Zezas") (ECF No. 1). Mr. Zezas's Appeal is of the Bankruptcy Court's May 18, 2023 Letter Opinion (Bankr. ECF No. 83) and May 19, 2023 Order (Bankr. ECF No. 84) denying JLL's Motion for Relief from Stay ("JLL's Motion") (Bankr. ECF No. 65).

Also pending before the Court is Mr. Zezas's Motion to Strike JLL's Designation of Additional Items for Inclusion in Record on Appeal. (ECF No. 7.) The Court has considered the

parties' submissions and resolves these matters without oral argument pursuant to Rule 8019 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, JLL's Motion to Dismiss is **GRANTED**, Mr. Zezas's Appeal is **DISMISSED** for lack of jurisdiction, and Mr. Zezas's Motion to Strike is **DISMISSED** as moot.

## I.     BACKGROUND

The Court notes at the outset that Mr. Zezas seeks to appeal an order favorable to him. In denying JLL's Motion, the Bankruptcy Court opined on certain issues that did not form the basis of its holding. Those issues are what Mr. Zezas now seeks to appeal.

In August 2021, Appellant-Debtor Mr. Zezas filed a voluntary petition for Chapter 7 bankruptcy. (Bankr. ECF No. 1; ECF No. 10 at 3.) For nearly six years prior to the filing of the petition, and for seven months into the bankruptcy proceedings, Mr. Zezas worked as a real estate broker for JLL. (Bankr. ECF No. 78 at 5; ECF No. 10 at 3.) During their business relationship, three notable events relevant to this matter occurred: (i) Mr. Zezas participated in JLL's deferred compensation plan, (ii) JLL extended close to $1,370,000 in loans to Mr. Zezas pursuant to promissory notes, and (iii) JLL terminated Mr. Zezas. (*Id.*) As of the filing of his bankruptcy petition, just under $680,000 of the debt to JLL remained outstanding. (ECF No. 10 at 3.)

JLL sought to use Mr. Zezas's termination benefit (his potential right to receive a payment upon dismissal) under the deferred compensation plan to offset part of its creditor claim against Mr. Zezas in his bankruptcy proceedings. (ECF No. 10 at 3–4; Bankr. ECF No. 65 ¶¶ 12–16.) Critically, however, according to the Bankruptcy Court's Opinion, JLL's claim against Mr. Zezas was not certain, and this uncertainty precluded setoff "at th[at] juncture." (Bankr. ECF No. 83 at 5.) The uncertainty stemmed from the prospect that there would be no claim to setoff. Pursuant to the promissory notes, Mr. Zezas's debt would be forgiven (thus eliminating JLL's claim) if he was

terminated without cause. (Bankr. ECF No. 78 at 2, 6.) Therefore, the "issue of whether [Mr. Zezas] was wrongfully terminated" determined whether there was a need for a setoff at all. (Bankr. ECF No. 83 at 5–6.)

In September 2022, a little over a year into the bankruptcy proceedings, JLL filed a Motion for Relief from Stay to use the amount owed to Mr. Zezas in the event he was terminated (approximately $158,000 as of the petition date) toward paying down Mr. Zezas's nearly $680,000 debt to JLL. (Bankr. ECF No. 65.) It was JLL's position that they were entitled to use the $158,000 termination benefit to offset the debt. (ECF No. 10 at 4.) In response, Mr. Zezas argued that his debt to JLL was forgiven because his termination was not for cause and that "JLL had no setoff rights under state law or the Bankruptcy Code." (Bankr. ECF No. 78 at 17; ECF No. 16 at 2.)

In May 2023, the Bankruptcy Court entered an Order denying JLL's Motion because the operative question of whether Mr. Zezas was wrongfully terminated remained unresolved. (Bankr. ECF No. 83 at 5–6.) This issue needed to be resolved at the outset because if Mr. Zezas's discharge was wrongful, the promissory notes provided that his debt would be absolved. (*Id.*) Without any debt owed to JLL, there would not be an allowable claim and "a claim that is disallowed would preclude setoff." (*Id.* at 5.)

Despite seeking what the Bankruptcy Court ordered—denial of JLL's Motion—Mr. Zezas remained dissatisfied with certain of the Opinion's statements. Mr. Zezas presents four questions for review: (1) "Did the Bankruptcy Court err by determining that creditor, [JLL], had setoff rights under Illinois state law?"; (2) "Did the Bankruptcy Court err by finding that the obligations that JLL sought relief from the stay to setoff satisfied mutuality requirements under Illinois law and the Bankruptcy Code?"; (3) "Did the Bankruptcy Court err by determining that creditor, JLL, could setoff against [Mr. Zezas's] exempt assets?"; and (4) "Did the Bankruptcy Court err by failing to

determine that JLL had no amounts to setoff because, as of the date of filing the bankruptcy petition, no loan payments were due from [Mr. Zezas] to JLL and JLL had not accelerated the loans?"[1] (ECF No. 5 at 2.)

JLL sought to dismiss the Appeal "[b]ecause [Mr. Zezas] did not seek leave before or after filing its Notice of Appeal, and as the Order is not a final order, this Court lacks jurisdiction over the appeal." (ECF No. 10 at 5.) The Court agrees with JLL that it lacks jurisdiction over Mr. Zezas's Appeal and thus need not address finality grounds in deciding the subject Motion. The Court instead dismisses the Appeal for lack of appellate standing.

## II. LEGAL STANDARD

28 U.S.C. § 158(a)(1) grants a district court jurisdiction "to hear appeals from final judgments, orders and decrees" of a bankruptcy court. Functioning as an appellate court, this Court's jurisdiction is limited to hearing appeals of those with appellate standing. *See In re Imerys Talc Am., Inc.*, 38 F.4th 361, 371 (3d Cir. 2022). Importantly, issues of this Court's jurisdiction, including appellate standing, "must be resolved as a threshold matter by this Court sua sponte." *Morales v. Commonwealth Fin. Sys.*, No. 22-3388, 2023 WL 8111458, at *2 (3d Cir. Nov. 22, 2023) (internal quotations and citation omitted).

Bankruptcy-appeal standing is more restrictive than Article III standing. *See IPSCO Steel (Ala.), Inc. v. Blaine Constr. Corp.*, 371 F.3d 150, 155 (3d Cir. 2004). The Third Circuit uses the "persons aggrieved" standard, meaning parties have standing in bankruptcy appeals "only when a contested order 'diminishes their property, increases their burdens, or impairs their rights.'" *In re Imerys Talc*, 38 F.4th at 371 (quoting *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 742 (3d Cir. 1995)). Importantly, "if a court grants the ultimate relief a party requested, even though on

---

[1] The Court notes that the Appeal has not been briefed so the Court relies on Mr. Zezas's Notice of Appeal and Designation of Record on Appeal to ascertain the nature of his Appeal. (ECF Nos. 1 and 5.)

grounds other than those urged by the prevailing party, that party is generally not 'aggrieved' by the judgment and may not appeal." *Hodge v. Bluebeard's Castle, Inc.*, 392 F. App'x 965, 977 (3d Cir. 2010) (citation omitted).

### III. DISCUSSION

At issue here is whether the Court has jurisdiction to hear Mr. Zezas's Appeal of the Bankruptcy Court's May 18, 2023 Opinion and accompanying May 19, 2023 Order denying JLL's Motion. As the Court noted at the outset, this is not a typical appeal of a facially-adverse order. Instead, and fatally, Mr. Zezas's Appeal is of an Order *favorable* to him—an Order that does not sufficiently aggrieve him to confer appellate standing.

JLL principally argues that this Court lacks jurisdiction to hear an appeal of the Bankruptcy Court's "interlocutory order" because Mr. Zezas failed to seek leave to appeal as required by Federal Rule of Bankruptcy Procedure 8004. (ECF No. 10 at 5.) In the alternative, JLL contends that even if the Court were to consider whether to grant leave to appeal, Mr. Zezas "do[es] not meet the high standard necessary to hear an appeal of a non-final order under 28 U.S.C. § 1292(b)." (ECF No. 10 at 5.) In response, Mr. Zezas states that the Court has appellate jurisdiction because the Bankruptcy Court's Order was not an interlocutory order, but, in fact, "a final appealable order." (ECF No. 11 at 4.) Most relevant, however, to the decision here, Mr. Zezas argues that "[t]he Bankruptcy Court seriously affected [his] substantive rights by determining that JLL had setoff rights under state law and the Bankruptcy Code and that JLL could exercise those rights against [his] exempt assets." (ECF No. 16 at 12.) Further, he claims "the Bankruptcy Court's Order allowed JLL to continue to hold his Deferred Compensation that would have otherwise been immediately payable had the Bankruptcy Court ruled in [his] favor." (*Id.*)

5

Addressing these points in its reply, JLL stated that Mr. Zezas's argument that "if [the Order] is reversed, then JLL would have to immediately pay the deferred compensation to [him] . . . does not take into account JLL's right of recoupment, which . . . is not subject to the automatic stay and is a defense." (ECF No. 17 at 3.) To this point, JLL noted that the defense of recoupment need "not be raised until [Mr. Zezas] asserts a claim for breach of the Plan." (*Id.*) JLL also pointed out that its "setoff right has not been decided" and will be properly considered once termination is adjudged to be with or without cause. (*Id.* at 2, 5.)

The Court refrains from reaching the issue predominantly briefed by the parties—finality—because the Court finds Mr. Zezas lacks standing to contest the issues in his appeal. *See Hodge*, 392 F. App'x at 977 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)) ("[F]ederal courts may 'choose among threshold grounds for denying audience to a case on the merits.'")). Neither party squarely addresses appellate standing in their briefing on the subject Motion to Dismiss.

To have appellate standing, Mr. Zezas must be aggrieved by the Order. *See In re Imerys Talc Am., Inc.*, 38 F.4th at 371 ("[S]tanding in bankruptcy appeals has been limited to 'persons aggrieved.'") (citation omitted)). To be aggrieved, he must have had his property diminished, burdens increased, or rights impaired. *See, e.g., id.* However, "some potential harm incident to the bankruptcy court's order" does not necessitate a finding of standing. *In re Lynx Assocs., L.P.*, No. 08-0883, 2009 WL 116062, at *4 (D.N.J. Jan. 16, 2009) (quoting *Travelers Insurance Co.*, 45 F.3d at 741). "It is well-settled that a party may not appeal from [a ruling] in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the [ruling]." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 222 (3d Cir. 2004) (internal quotation and citation omitted); *see also In re Revstone Indus. LLC*, 690 F. App'x 88, 90 n.2 (3d Cir. 2017)

(finding "the prevailing party in the Bankruptcy Court . . . was not 'aggrieved,' and thus lacked standing to file a[n] [] appeal"). More simply, an appeal of the "reasoning of the [bankruptcy] court that was not essential to the" order must be dismissed. *Hodge*, 392 F. App'x at 977. Reasoning beyond what forms the basis of the order is properly characterized as "dictum." *See* Black's Law Dictionary (12th ed. 2024) (defining "obiter dictum") ("A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential."); *see also In re Decade, S.A.C., LLC*, No. 18-11668, 2023 WL 187632, at *5 n. 32 (Bankr. D. Del. Jan. 13, 2023) (declaring parts of an opinion "unnecessary to the decision" as "dictum").

Bankruptcy courts, like all federal courts, are barred from issuing advisory opinions. This means courts "may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts." *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 422 (3d Cir. 2013) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). Bankruptcy courts in this Circuit have noted that, consistent with the bar on advisory opinions, a court should refrain from "decid[ing] more than is necessary to decide the subject dispute." *In re Cubic Energy, Inc.*, 587 B.R. 849, 857 n. 68 (Bankr. D. Del. 2018) (quoting *In re Demeza*, 582 B.R. 868, 879 (Bankr. M.D. Pa. 2018)). Advisory opinions, at best, will have the precedential value of dictum. *See Hudson v. United States*, 522 U.S. 93, 112 (1997) (Stevens J., concurring).

The core issue in the Bankruptcy Court decision was whether a setoff was appropriate under the circumstances. For a valid right of setoff under Section 533 of the Bankruptcy Code, the party asserting the right must show: (i) a pre-petition debt exists from the creditor to the debtor; (ii) the creditor has a claim against the debtor that arose pre-petition; and (iii) the debt and the

7

claim are mutual obligations. *In re Enright*, No. 15-14736, 2015 WL 4875483, at *3 (Bankr. D.N.J. Aug. 13, 2015) (quoting *Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 262–63 (3d Cir. 2000)). The Bankruptcy Court, in finding the second element was not yet satisfied, held that "granting stay relief to permit setoff is not warranted at this juncture [because] . . . JLL might not have an allowed claim to setoff." (Bankr. ECF No. 83 at 5.) In other words, a determination of whether a setoff is appropriate cannot be made without first ascertaining whether there is a proper claim. *See* 7 Collier on Bankruptcy ¶ 553.03[1] (16th rev. ed. 2024) ("The first requirement of section 553(a) actually consists of two parts. First, the creditor must hold a 'claim.' Second, the claim must have arisen before the commencement of the debtor's bankruptcy case.") In coming to its holding, the Bankruptcy Court reasoned that "if [Mr. Zezas] were not validly terminated for cause [] his debt to JLL would be forgiven" "under the terms of the Promissory Note." (Bankr. ECF No. 83 at 5.)

Mr. Zezas presents four questions on appeal, each suggesting that the Bankruptcy Court erred in making—or failing to make—certain findings. (*See* ECF No. 5 at 2.) However, this Court has reviewed the Bankruptcy Court's Opinion and Order, and determines that the lower court did not make the determinations that Mr. Zezas intends to challenge by way of this appeal. This Court clarifies that the Bankruptcy Court made only one finding in its Opinion, which was ultimately reflected in the challenged Order. The Bankruptcy Court held "granting stay relief to permit setoff is not warranted at this juncture [because] . . . JLL might not have an allowed claim to setoff." (Bankr. ECF No. 83 at 5.) Thus, JLL's motion was denied on that basis—and that basis alone. Yet in Mr. Zezas's submission to this Court, he indicates that he will challenge several other rulings on appeal. The problem for Mr. Zezas is that the Bankruptcy Court made no such other rulings. As appeals may only be heard when brought by "persons aggrieved," Mr. Zezas lacks standing to

appeal statements not forming the basis of the Bankruptcy Court's Order; therefore, this Court lacks jurisdiction.

As an initial matter, the Order provided Mr. Zezas exactly the relief he sought—denial of JLL's Motion. (*Compare* Bankr. ECF No. 78 at 23 ("[T]he Debtor, Andrew Zezas, respectfully requests that the Court deny JLL's Motion to Modify Automatic Stay to Effect Setoff."), *with* Bankr. ECF No. 84 ("Order Denying Motion or Application for the Entry of an Order to Modify Stay to Effect Setoff").)

In his Statement of Issues on Appeal, Mr. Zezas first argues that "the Bankruptcy Court err[ed] by determining that . . . JLL . . . had setoff rights under Illinois state law." (ECF No. 5 at 2.) However, a review of the record below indicates that the Bankruptcy Court did not make any such determination. Indeed, the Bankruptcy Court expressed that it was unpersuaded by Mr. Zezas's arguments opposing JLL's setoff rights under state law and stated, generally, that "Illinois recognizes both contractual and common law rights of setoff." (*See* Bankr. ECF No. 83 at 3–5.) However, the Bankruptcy Court's general observation about Illinois law does not translate to a ruling in favor of JLL. Nor does its rejection of Mr. Zezas's arguments in opposition. At most, these constitute dicta. Nowhere in the Bankruptcy Court's opinion did it make any affirmative findings as to JLL's setoff rights under Illinois state law. Mr. Zezas is without standing to appeal dicta.

Mr. Zezas next asserts that "the Bankruptcy Court err[ed] by finding that the obligations that JLL sought relief from the stay to setoff satisfied mutuality requirements under Illinois law and the Bankruptcy Code." (ECF No. 5 at 2.) Again, the Bankruptcy Court made no such finding. Indeed, the Bankruptcy Court stated that—when comparing the parties' arguments—it viewed JLL as having the stronger argument. (Bankr. ECF No. 83 at 5.) However, the fact that the Bankruptcy

Court *did not* rule in Mr. Zezas's favor on this issue does not mean that it *did* rule in favor of JLL. The Bankruptcy Court made no conclusive determination on this issue.

Mr. Zezas also contends that "the Bankruptcy Court err[ed] by determining that [] JLL[] could setoff against [his] exempt assets." (ECF No. 5 at 2.) Once again, no such determination was made. The Bankruptcy Court analyzed applicable law and disagreed—as a matter of law—with Mr. Zezas's assertion that setoff is prohibited against a debtor's exempt assets in bankruptcy. (Bankr. ECF No. 2.) However, no finding was made as to *JLL's right to setoff* against any such exempt assets.

Finally, Mr. Zezas argued "the Bankruptcy Court err[ed] by failing to determine that JLL had no amounts to setoff because, as of the date of filing the bankruptcy petition, no loan payments were due from [him] to JLL and JLL had not accelerated the loans." (ECF No. 5 at 2.) However, the Bankruptcy Court was not obligated to make any such determination. Rather, the issue before the Bankruptcy Court was whether JLL was entitled to stay relief. The Bankruptcy Court decided that issue in favor of Mr. Zezas, finding that stay relief was inappropriate because JLL's claim was uncertain. (Bankr. ECF No. 83 at 5.) Having made that determination, no further rulings were necessary. *See In re Cubic Energy, Inc.*, 587 B.R. at 857 (declining to address issues beyond what is necessary to decide the subject dispute to avoid an advisory opinion).

Ultimately, Mr. Zezas reads more into the Bankruptcy Court's Opinion than is there. JLL's Motion was denied because Mr. Zezas successfully persuaded the Bankruptcy Court that JLL's claim was uncertain. That finding—that JLL's claim was uncertain—represents the entire scope of the Bankruptcy Court's findings and, thus, is the only finding that could be challenged on appeal. Mr. Zezas has not indicated an intent to challenge that favorable finding (and this Court questions whether he would have standing to do so).

To the extent Mr. Zezas fears the preclusive effect of other parts of the Bankruptcy Court's Opinion, this Court reiterates its interpretation of the Bankruptcy Court's Opinion: Although the Bankruptcy Court was not persuaded by many of Mr. Zezas's arguments, its expression of that sentiment did not translate to affirmative findings in favor of JLL. In this Court's view, such statements represent mere dicta at best or, at worst, an advisory opinion, but under no circumstance did they form any holding aggrieving Mr. Zezas. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 248 (3d. Cir. 2010) (determinations of issues not relied on by a ruling "have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made" (quoting Restatement (Second) of Judgments § 27, cmt. h)).

Accordingly, Mr. Zezas was not aggrieved by the Bankruptcy Court's Order and Opinion and lacks standing to appeal them. Without standing to appeal, the Court must **GRANT** JLL's Motion to Dismiss, **DISMISS** Mr. Zezas's Appeal, and **DENY** Mr. Zezas's Motion to Strike.[2]

---

[2] With the termination of Mr. Zezas's Appeal, his Motion to Strike JLL's Designation of Additional Items for Inclusion in Record of Appeal (ECF No. 7-1) is denied as moot.

## CONCLUSION

For the reasons set forth above, JLL's Motion to Dismiss is **GRANTED**, and Mr. Zezas's Appeal is **DISMISSED**.  Mr. Zezas's Motion to Strike is **DENIED** as moot. An appropriate Order accompanies this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: September 16, 2024